# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

In Re:                                                      Case No. 16-10504-RAM

EDUARDO VISO AND                                            Chapter 13
ALBA ROSA VISO,

        Debtors.
_____/

## MOTION TO DISMISS WITH PREJUDICE OR IN THE ALTERNATIVE COMPEL DEBTORS TO FILE A MODIFIED CHAPTER 13 PLAN

Wells Fargo Bank, N.A. ("Secured Creditor"), by and through undersigned counsel, files this *Motion to Dismiss with Prejudice or in the alternative Compel Debtors to File a Modified Chapter 13 Plan* (the "Motion") and in support thereof states as follows:

### FACTUAL BACKGROUND

1. On January 13, 2016, Debtors filed a voluntary petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code.

2. Secured Creditor holds a security interest in the Debtors' real property located at 7487 W. 35 Ave., Hialeah, Florida 33018-1795 (the "Property") by virtue of a Mortgage which is recorded in the Public Records of Miami-Dade County, Florida. Copies of the loan documents are attached to Secured Creditor's Proof of Claim.

3. On April 15, 2016, Secured Creditor filed its Proof of Claim [Claim No. 3-1] with a principal balance in the amount of $266,562.33 and arrears in the amount of $28,793.57.

4. According to the confirmed *Fourth Modified Plan* [D.E. # 64], Debtors were attempting to seek a mortgage modification agreement through this court's Mortgage Modification Mediation Program.

5. On February 5, 2016, Debtors filed the *Motion for Referral to Mortgage Modification Mediation* [D.E. No. 16]

6. The Court granted the Motion and entered the *Amended Order Granting Attorney Represented Debtor's Motion for Referral to Mortgage Modification Mediation* (the "Order") [D.E. No. 37] on April 14, 2016. The Order provides that the mediation shall be concluded no later than 150 days from the date of the Order.

7. On December 19, 2016, the MMM Mediator filed the *Final Report of Loss Mitigation/Mortgage Modification Mediator [Agreement NOT Reached]* [D.E. No. 71].

8. The Court's MMM procedures and the terms of the confirmed plan required the Debtors to modify their plan within fourteen (14) days from the date of the Final Report.

9. To date, Debtors have failed to modify the Plan as required by this Court's Mortgage Modification Mediation Program.

## ARGUMENT AND CITATION OF LAW

8. The Court may convert a case to Chapter 7 or dismiss a case on request of a party of interest or United States Trustee according to § 1307(c), which states as follows:

> Except as provided in subsection (e) of this section "after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of the creditors and the estate, for cause including 1) unreasonable delay by the Debtor that is prejudicial to the creditors".

9. For Chapter 13 cases, 11 U.S.C. § 1307 (c) specifically enumerates ten circumstances in which a court may dismiss a case. Although lack of good faith is not specifically enumerated as cause, it is well establish that lack of good faith (or bad faith) is "cause" for dismissal or conversion of a chapter 13 Case under §1307(c). *Cabral v. Shamban,* 285 B.R. 563, 572, 49 Bankr.Ct.Dec. 129 (1st Cir. BAP (Mass.) 2002). *See also, Ho v. Dowell (In re Ho)*, 274 B.R. 867, 876 (9th Cir. BAP 2002); and *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1224.

10. Courts have repeatedly held that a Debtor seeking the protection of the Code, must file both his chapter 13 Petition and Plan in good faith. *See In re Love*, 957 F.2d 1350, 1354-1355 (7th Cir. 1992)*; see also* 11 U.S.C. § 1325(a)(3). Thus, the obligation of good faith is imposed on the Debtor in a Chapter 13 proceeding in two stages: First, the Debtor must file his Chapter 13 petition in good faith. This flows from the concept that the filing of a Chapter 13 petition in bad faith may constitute cause for dismissal under 11 U.S.C. § 1307(c). *See In re Love*, 957 F.2d 1354-1355.; *In re Gros,* 173 B.R. 774 (Bankr. M.D. Fla. 1994); *In re Bandini*, 165 B.R. 317, 319 (Bankr. S.D. Fla. 1994). Second, the Debtor must file his Chapter 13 plan in good faith: A showing of "good faith" is statutorily required for the confirmation of a Chapter 13 plan. 11 U.S.C. § 1325(a)(3). *See In re Love,* supra; *In re Elisade,* 172 B.R. 996 (M.D.Fla 1994).

11. The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings. The inference that good faith is required in order for debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Code upholds the integrity of the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those debtors and creditors with "clean hands."

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See also In re Waldron*, 785 F.2d 936 (11th Cir. 1986).

12. The good faith inquiry is a "fact intensive determination better left to the discretion of the bankruptcy court." *In re Love*, 957 F.2d at 1355. Bankruptcy courts generally apply a totality of the circumstances test to determine whether a Debtor lacked good faith when filing a Chapter 13 petition for purposes of § 1307(c). *See e.g. In re Young,* 237 B.R. 791, 798 (B.A.P. 10th Cir. 1999) (good faith analysis is made on a case by case basis and should take a 'totality of the circumstances' approach); *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996); *Handeen v. Lemaire (In re LeMaire),* 898 F.2d 1346, 1348-1349 (8th Cir. 1990)(En Banc) (confirming continued viability and general purpose of the totality of the circumstances analysis); *See also In re Kitchens,* 702 F.2d 885 (11th Cir 1983) (Similarly adopting a "totality of the circumstances" test in gauging the Debtor's lack of good faith).

13. Courts have articulated the following factors in analyzing whether a Chapter 13 plan has been filed in good faith: 1) the debtor's accuracy in stating her debts and expenses; 2) the debtor's honesty in the bankruptcy process, including whether she has attempted to mislead the court and whether she had made any misrepresentations; 3) whether the bankruptcy code is being

unfairly manipulated; 4) the type of debt sought to be discharged; 5) whether the debt would be dischargeable in a chapter 7; and 6) the debtor's motivation and sincerity in seeking chapter 13 relief. *See, e.g., Education assistance Corp. v. Zellner,* 827 F.2d 1222, 1227 (8th Cir. 1987).

14. A finding of bad faith does not require fraudulent intent by the debtor. *See Ho v. Dowell (In re Ho)*, 274 B.R. 867, 876 (9th Cir. BAP 2002). Neither malice nor actual fraud is required to find a lack of good faith. Malfeasance is not a prerequisite to bad faith. *Id.*

15. In the instant bankruptcy, Debtors have failed to act in good faith in that Debtors are aware of the consequences of the impasse in mediation, including their obligation to modify the plan in light of the unsuccessful mediation referral. Debtors have yet to file a modified Plan conforming to Secured Creditor's Proof of Claim or modifying the plan to treat Secured Creditor's claim outside of the plan.

16. Debtors are merely using this Chapter 13 case for the purpose of forestalling the collection efforts of Secured Creditor.

17. The Court may invoke its powers under 11 U.S.C. § 105(a) and implement a mechanism to prevent the "continuing abuse of the bankruptcy process" by the Debtor. *In re Yiram,* 214 B.R. 463 (Bankr. D. Md. 1997).

18. In light of the foregoing, Secured Creditor argues the D that the Debtor's conduct does not justify continued protection under the Bankruptcy Code

**WHEREFORE**, Secured Creditor respectfully request that either the case be dismissed with prejudice or that Debtor be compelled to modify the plan to conform to the timely filed Proof of Claim; and for such other and further relief as to the Court may deem just and proper.

Respectfully Submitted:

/s/ Rachel L. Ahlum
Rachel L. Ahlum, Bar No. 91291
Attorney for Secured Creditor
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: rahlum@aldridgepite.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion* was served electronically or via U.S. Mail, first-class postage prepaid, to:

Eduardo Viso
Alba Rosa Viso
7487 W 35 Ave
Hialeah, FL 33018

Richard J. Adams
6500 Cowpen Road
Suite 101
Miami Lakes, FL 33014
*Via CM/ECF*

Nancy K. Neidich
www.ch13herkert.com
POB 279806
Miramar, FL 33027
*Via CM/ECF*

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
*Via CM/ECF*

Dated: November 10, 2017

/s/ Rachel L. Ahlum
Rachel L. Ahlum, Bar No. 91291
Attorney for Secured Creditor
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: rahlum@aldridgepite.com